**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| CANDRA SANJAYA, | No. 08-73434 |
| Petitioner, | Agency No. A095-554-834 |
| v. | |
| ERIC H. HOLDER, Jr., Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted June 15, 2011[**]

Before:     CANBY, O'SCANNLAIN, and FISHER, Circuit Judges.

Candra Sanjaya, a native and citizen of Indonesia, petitions for review of the

Board of Immigration Appeals' order dismissing his appeal from an immigration

judge's ("IJ") decision denying his application for asylum, withholding of removal,

and protection under the Convention Against Torture ("CAT").  We have

---

[*]     This disposition is not appropriate for publication and is not precedent
except as provided by 9th Cir. R. 36-3.

[**]     The panel unanimously concludes this case is suitable for decision
without oral argument.  *See* Fed. R. App. P. 34(a)(2).

jurisdiction under 8 U.S.C. § 1252. We review for substantial evidence the agency's factual findings, *Wakkary v. Holder*, 558 F.3d 1049, 1056 (9th Cir. 2009), and we review de novo due process claims, *Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620 (9th Cir. 2006). We deny in part and grant in part the petition for review, and we remand.

We reject Sanjaya's contention that the IJ's decision violated his due process rights. *See Lata v. INS*, 204 F.3d 1241, 1246 (9th Cir. 2000) (requiring error and prejudice to prevail on due process claim).

Sanjaya does not challenge the agency's dispositive determination that his asylum application was untimely. *See Martinez-Serrano v. INS*, 94 F.3d 1256, 1259-60 (9th Cir. 1996) (issues not addressed in argument portion of brief are deemed waived).

Substantial evidence supports the agency's denial of CAT relief because Sanjaya has not established it is more likely than not that he will be tortured if he returns to Indonesia. *See Wakkary*, 558 F.3d at 1067-68.

Substantial evidence also supports the agency's finding that the harms experienced by Sanjaya were not sufficiently serious to rise to the level of past persecution. *See Wakkary*, 558 F.3d at 1059-60 (being beaten by youths, robbed of sandals and pocket money, and accosted by a threatening mob did not compel a

past persecution finding). However, the BIA declined to apply the disfavored group analysis to Sanjaya's withholding of removal claim. In light of our intervening decision in *Wakkary*, 558 F.3d at 1064-67, we remand for the agency to assess in the first instance whether Sanjaya has demonstrated a clear probability of future persecution under the disfavored group analysis. *See INS v. Ventura*, 537 U.S. 12, 16-18 (2002) (per curiam).

Each party shall bear its own costs for this petition for review.

**PETITION FOR REVIEW DENIED in part; GRANTED in part; REMANDED.**